ACTION of covenant on indentures of apprenticeship, executed by and before Joseph Jenkins, a justice of the peace, and Nathaniel Coombe, a trustee of the poor of Kent county, binding the plaintiff to the defendant as a poor child having no parents able to maintain and bring him up to industry and in suitable employment.
Frame, for the defendant, raised the question whether it was competent for the apprentice to sustain an action in his ownname, on such an indenture to which he was no party; and he argued that it by no means followed, that a party having the beneficial interest in an instrument, could therefore sue upon it: that the suit must be in *Page 25 
the name of the actual parties to the deed though they have no interest, and could not be in the name of any person not a party though having the interest. He cited Digest 34-3-6; 3 LawLib. 229; Platt on Cov. 514, 527; 1 Chitty Pl.
3, 4; 2 Inst. 673; Co. Litt. 231, a. n.
2; 3 Levinz. 139; 2 ib. 31; Carthew. 76; 3 Bos. Pul. 149, n. a.; 3 Manic Selw.
322; 7 Brod. Bing. 333; 9 Johns. Rep. 73; 5 Barn. Cress. 355; 6 ib. 718.
Houston, for plaintiff replied, that the covenants in the indenture were not with the justice and trustee, hut generally; "the said Jehu Reed covenants and agrees to maintain and support the said Andrew Barratt; to school," c. c.; the legal effect of which was a covenant with the apprentice, who alone was interested in it: that a different construction would, in many cases, leave the apprentice without remedy on the death or removal from office of the officers who acted in the binding, as there were no words to extend the covenant to their successors in office: that the law was made not for the benefit of the master, but for the protection and security of the apprentice; and. that in a variety of instances under our laws, bonds are taken in the name of public officers or of the State, which are for the use of individuals, and can he prosecuted in their own names and for their benefit. He cited1 Del. Laws, 285; ib. 93; 2 ib. 1129, 30, 595; Digest 40, sec. 9 and 14.
The point was not decided, as it was ascertained that there was an error in the office copy of the indenture, on which plaintiff had declared, the correction of which by the original avoided this question: and, as the case now stood on demurrer, the court granted leave to amend; and continued the cause.